

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

July 12, 2019

**BY ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Edward J. Canter
Associate

d +1.212.969.3106
f 212.969.2900
ECANTER@PROSKAUER.COM
www.proskauer.com

Re:     *United States v. Maharaj et al.*, **17 Cr. 169 (JGK)**

Dear Judge Koeltl:

We represent the SAG-AFTRA Health Fund and the AFTRA Retirement Fund (together, "the Funds"), Enrico Rubano's former employers, and the victims of the fraud charged in this case. On July 9, 2012, our firm accepted service of a Rule 17(c) subpoena, purporting to seek "[a]ny and all handwritten or typed notes, stenographic transcripts and audio and/or video recordings of witness interviews conducted by Proskauer Rose LLP during its representation of [the Funds], from on or about 2015 to the present" for eight employees of the Funds. The subpoena was issued by Mr. Rubano's co-conspirator, Shivanand Maharaj, and is returnable on or before July 15, 2019. (A copy is attached.) Over the course of this week, we conferred with defense counsel regarding the propriety of the subpoena. Efforts to resolve the matter without court intervention were unsuccessful. Accordingly, we now move to quash Mr. Maharaj's subpoena on the grounds that it calls for documents protected by the attorney-client privilege, the work product doctrine, and is improper under *United States v. Nixon*, 418 U.S. 683 (1974) because it does not seek relevant, admissible evidence.

1. **The Subpoenaed Materials Are Protected by the Attorney-Client Privilege and the Work Product Doctrine**

The documents that Mr. Maharaj seeks are clearly protected by the attorney-client privilege and the work production doctrine. "[I]nterviews of a corporation's employees by its attorneys as part of an internal investigation into wrongdoing and potentially illegal conduct have been repeatedly found to be protected by the attorney-client privilege." *Johnson v. J. Walter Thompson U.S.A., LLC*, No. 16-cv-1805 (JCF), 2017 WL 3432301, at *3 (S.D.N.Y. Aug. 9, 2017) (internal marks and citations omitted). This protection extends to notes and memoranda from those interviews. *Id.* Here, each of the individuals named in the subpoena, to the extent they were interviewed, were interviewed in their capacity as an employee of the Funds. Thus, any notes or memoranda from those interviews are protected by the attorney-client privilege.

Mr. Maharaj has intimated to counsel that he believes the attorney-client privilege may have been waived by the Funds. But that is manifestly not the case. To the contrary, the Funds have closely guarded the privilege. Indeed, last fall, the government asked whether the Funds would consider providing a summary or recounting of certain interviews conducted during

**Proskauer»**

Hon. John G. Koeltl
July 12, 2019
Page 2

Proskauer's internal investigation.  On September 20, 2018, the Funds expressly declined to do so, citing a recent non-binding decision issued by a magistrate judge in the Southern District of Florida.  *See SEC v. Herrera*, No. 17-cv-20301, 2017 WL 6041750   (S.D. Fla. Dec. 5, 2017).  Consistent with that opinion, and in accordance with applicable case law from this district, the Funds agreed to provide the government with a factual overview regarding the roles of various Fund employees and the topics on which they would have knowledge with respect to certain aspects of the charged scheme.

Simply put, an attorney proffer such as this does not constitute a waiver.  *See*, *e.g.*, *In re Weatherford Int'l Sec. Litig.*, No. 11-cv-1646 (JCF), 2013 WL 6628964, at *2 (S.D.N.Y. Dec. 16, 2013).  In *Weatherford*, outside counsel produced PowerPoint presentations to the SEC, which explicitly referenced witness statements (*e.g.*, Employee A alleged that …) and documents discussed in interviews (*e.g.*, Employee B cited …).  Nevertheless, the court declined to order the production of interview materials unless they had been "explicitly identified, cited, or quoted in information disclosed to the SEC."  *Id.* at *3.  An explicit reference, the court explained, occurred when a party quoted portions of interview notes or summaries in a presentation or made detailed summaries (with near-verbatim recitations of interview notes taken by counsel) available to the government.  *Id.* at *2.  Nothing remotely close to that occurred here.

Beyond that, the documents are also protected by the work product doctrine and contain a substantial amount of opinion work product, including mental impressions, conclusions, opinions, and legal theories concerning the investigation.  *See Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981).  Thus, even if the attorney-client privilege were not applicable, which it is, the documents are still protected by the work product doctrine and counsel for Maharaj has provided us with no basis to overcome that protection.[1]

### 2.  The Subpoena is Improper Under Rule 17(c)

As this Court held in May, a party seeking production under Rule 17(c) must show: (1) that the documents it is seeking are evidentiary and relevant, (2) that they are not otherwise procurable reasonably in advance of trail by exercise of due diligence, (3) that the party cannot properly prepare for trail without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial, and (4) that the application is made in good faith and is not intended as a general fishing expedition.  May 20, 2019 Hr'g Tr. 27:1-10.

Here, Mr. Maharaj fails the first prong of this test.  Put simply, the documents that Mr. Maharaj seeks are not evidentiary and relevant.  A Rule 17(c) subpoena is not properly used to obtain material that could be used only, if at all, to impeach a potential government witness.  *See,*

---

[1] Since the conclusion of Proskauer's internal investigation, the government has interviewed a number of employees of the Funds.  Our understanding is that, pursuant to 18 U.S.C. § 3500, the government has produced to Mr. Maharaj notes from all of the interviews it conducted of potential witnesses, including all Fund employees who are expected to testify at trial.

Proskauer»

Hon. John G. Koeltl
July 12, 2019
Page 3

*e.g.*, *United States v. Nektalov*, No. 03-cr-828 (PKL), 2004 WL 1574721, at *2 (S.D.N.Y July 14, 2004) ("documents sought solely for impeachment purposes are not the proper subject of a Rule 17(c) subpoena"); *United States v. Nelson*, No. 10-cr-414 (PKC), 2011 WL 2207584, at *4 (S.D.N.Y. June 3, 2011) ("Courts have consistently interpreted the admissibility standard of Rule 17(c) to preclude production of materials whose evidentiary use is limited to impeachment.").

  To the extent that impeachment evidence can be obtained by means of a Rule 17(c) subpoena, it must be sought after a witness testifies.  *See United States v. Giampa*, No. 92-cr-437 (PKL), 1992 WL 296440, at *3 (S.D.N.Y. Oct. 7, 1992) ("[T]he rationale behind the well-established rule that impeachment materials are generally not subject to pretrial production applies with equal force to a request that such documents be produced on the first day of trial. Impeachment statements are generally not subject to pretrial production under Rule 17(c) because "such statements ripen into evidentiary material for purposes of impeachment only if and when the witness testifies at trial.").

  This is particularly significant here.  The subpoena seeks documents from Proskauer concerning the interviews of eight Fund employees:  (1) Ray Gandionco, (2) Judith Pena, (3) Stewart Adams, (4) Amin Rahim, (5) Henry Moon, (6) Lorraine Garcia, (7) Gayatri Ojha, and (8) Bernard Kennedy.  However, our understanding is that the government only intends to call three witnesses from the Funds at trial—Mr. Gandianco, Ms. Pena, and Mr. Adams.  Thus, even giving Mr. Maharaj every benefit of the doubt, he would not be entitled to interview notes or memoranda from any of the other witnesses.

  Finally, Mr. Maharaj also fails the fourth prong as this is nothing more than a fishing expedition.  The subpoena fails to specify the information believed to be contained in the document sought.  *United States v. Treacy*, No. 08-cr-0366 (RLC), 2008 WL 5082884, at *3 (S.D.N.Y. Dec. 1, 2008) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up," the specificity requirement is not met and the requests will be denied.")

**Conclusion**

  For the reasons set forth above, we respectfully request that the Court issue an order quashing Mr. Maharaj's subpoena.

Respectfully submitted,

*Ted Canter*

Edward J. Canter

Enclosures

cc: Counsel for all parties (ECF)