```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :
                                  :    CONSENT PRELIMINARY ORDER
        - v. -                    :    OF FORFEITURE/
                                  :    MONEY JUDGMENT
ENRICO RUBANO,                    :
    a/k/a "Rick Rubano,"          :    S2 17 Cr. 169 (JGK)
                                  :
                    Defendant.    :
- - - - - - - - - - - - - - - - - x
```

WHEREAS, on or about June 4, 2019, ENRICO RUBANO, a/k/a "Rick Rubano," (the "defendant"), and another, were charged in a twelve-count Superseding Indictment, S2 17 Cr. 169 (JGK) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Counts One, Five, and Nine); wire fraud, in violation of Title 18, United States Code, Sections 1343, 1346 and 2 (Counts Two, Six, and Ten); conspiracy to solicit and receive kickbacks because of and to influence the operation of an employee benefit plan, in violation of Title 18, United States Code, Section 371 (Counts Three, Seven, and Eleven); and soliciting and receiving kickbacks because of and to influence the operation of an employee benefit plan, in violation of Title 18, United States Code, Sections 1954 and 2 (Counts Four, Eight, and Twelve);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code,

Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, the Indictment included a second forfeiture allegation as to Counts Five, Six, Nine, and Ten of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Five, Six, Nine, and Ten of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Five, Six, Nine, and Ten of the Indictment;

WHEREAS, on or about July 8, 2019, the defendant pled guilty to Counts One, Five, and Nine of the Indictment, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Counts One,

Five, and Nine of the Indictment and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money in United States currency to be determined by the Court, representing proceeds traceable to the commission of the offenses charged in Counts One, Five, and Nine of the Indictment;

WHEREAS, the defendant now consents to the entry of a money judgment in the amount of $974,909 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One, Five, and Nine of the Indictment that the defendant personally obtained, $703,327 of which the defendant is jointly and severally liable with co-defendant Shivanand Maharaj; and

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offenses charged in Counts One, Five, and Nine of the Indictment that the defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Aline Flodr of counsel, and the defendant, and his counsel, Sarita Kedia, Esq., that:

1.  As a result of the offenses charged in Counts One, Five, and Nine of the Indictment, to which the defendant pled guilty, a money judgment in the amount of $974,909 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Five, and Nine of the Indictment that the defendant personally obtained, $703,327 of which the defendant is jointly and severally liable with co-defendant Shivanand Maharaj, shall be entered against the defendant.

2.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the defendant, ENRICO RUBANO, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3.  All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Chief of the Money Laundering and

Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____        6/16/22
    ALINE FLODR                             DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-1110

ENRICO RUBANO

By: _____        6/16/22
    ENRICO RUBANO                           DATE

By: _____        6/16/22
    SARITA KEDIA, ESQ.                      DATE
    Attorney for Defendant
    5 East 22nd Street, Suite 7B
    New York, NY 10010

SO ORDERED:
_____            6/16/22
HONORABLE JOHN G. KOELTL                    DATE
UNITED STATES DISTRICT JUDGE